IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  21-CR-26-JLS

RANJODH SINGH,

        Defendant.

## PLEA AGREEMENT

The defendant, RANJODH SINGH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that an agreement existed between two or more persons to commit a controlled substance felony offense;

   b. that the defendant knew of the existence of the agreement;

   c. that the defendant intended to participate in the unlawful agreement; and

   d. that at least 100 kilograms of a mixture or substance containing marijuana was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.  Beginning in or before December 2020, and continuing through at least December 2, 2020, the defendant RANJODH SINGH agreed with others, including Amanpreet Gill, to possess with intent to distribute, and to distribute, 100 kilograms or more of mixture and substance containing marijuana.

b.  Sometime in December 2020, the defendant's co-conspirators arranged for a shipment from Canada to be delivered to Smartway Associates in Somerset, NJ. This shipment contained a quantity of marijuana purchased by the defendant's co-conspirators from the source of supply in Canada intended for distribution.

c.  Unbeknownst to the defendant and his co-conspirators, the shipment had been intercepted by the United States Customs and Border Protection (CBP) at the Buffalo, NY Peace Bridge Cargo Facility and was searched on December 1, 2020, pursuant to their border search authority. Contained within the shipment was a large quantity of marijuana packaged in vacuum sealed bags. CBP weighed the marijuana which was approximately 452.42 kilograms.

d.  Due to the discovery of marijuana and a positive field test, law enforcement conducted a cold convoy-controlled delivery operation. A silver Honda Accord was observed following the shipment of marijuana and was observed at the two warehouses where the shipment was temporarily stored. After the shipment of marijuana reached its final destination and law enforcement secured the warehouse, the defendant, the driver of the silver Honda Accord, arrived at the warehouse. Co-defendant, Amanpreet Gill, had arrived at the warehouse before the defendant.

e.  During questioning, law enforcement seized an iPhone 11 Pro Max from the defendant. After the defendant consented to the search, inspection of his phone revealed videos showing him identifying law enforcement personnel while he was driving around the warehouses. Law enforcement also viewed approximately 16 photos that appear to be the blue truck driven by the driver of the marijuana shipment when he was parked and unloading at the first warehouse. Law enforcement also determined the source of supply in Canada had communicated with both Gill and the defendant providing the same information regarding the shipment of marijuana and directing both individuals to the warehouse. However, both Gill and the defendant did not know each other prior to arriving at the warehouse. The defendant admits this marijuana was intended for distribution.

f.  At least 400 kilograms, but less than 700 kilograms of marijuana is the amount involved in the defendant's relevant conduct encompassed in the ~~Information~~ Indictment, which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(7) apply to the offense of conviction and provide for a base offense level of **26**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.  The government and the defendant agree that the following specific offense characteristic does apply:

   a.  the two-level decrease pursuant to Guidelines § 2D1.1(b)(18) (safety valve).

### ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **24**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 21.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **21** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **37 to 46** months, a fine of **$15,000 to $5,000,000**, and a period of supervised release of **2 to 5** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

17. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, RANJODH SINGH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MISHA A. COULSON
Assistant United States Attorney

Dated: July 14, 2021

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, Jesse Pyle, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
RANJODH SINGH
Defendant

Dated: July 14, 2021

_____
JESSE PYLE, ESQ.
Attorney for the Defendant

Dated: July 14, 2021